UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE JENNINGS,<br><br>      Petitioner,<br><br>  vs.<br><br>DEBORAH SCHULT, Warden, Ray Brook Correctional Institution,<br><br>      Respondent. | No. 9:08-cv-00976-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Wayne Jennings, a federal prisoner appearing *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Jennings is currently in the custody of the Bureau of Prisons ("BOP") incarcerated at the Ray Brook Correctional Center. Respondent has filed her Answer and Jennings has filed his traverse.

I. BACKGROUND/PRIOR PROCEEDINGS

  On June 16, 2002, Jennings was arrested by state authorities in Camden, New Jersey, for Unlawful Possession of a Handgun, and Possession of a Controlled Dangerous Substance (CDS). The circumstances of this arrest also resulted in the instant federal offense of Possession of a Firearm by a Convicted Felon. Jennings was released from state custody, via bond on July 22, 2002. On September 3, 3002, Jennings was arrested in Camden County, New Jersey, for the unrelated state offenses of Unlawful Possession of a Weapon, Possession of a Defaced Weapon, and Certain Persons Not to Have a Weapon. The state charges resulting from the June 16, 2002, arrest were administratively dismissed September 6, 2002. Jennings was temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, and sentenced in the United States District Court for the District of New Jersey on April 11, 2003, to a 120-month

---

[1] Petitioner is challenging the computation of his sentence by the Bureau of Prisons, its execution, not its legality. The petition is properly brought under § 2241. *See Levine v. Apker*, 455 F.3d 71, 77–78 (2d Cir. 2006).

term of imprisonment for Possession of a Firearm by a Convicted Felon.  Jennings was returned to the custody of state authorities immediately after receiving his federal sentence.  On June 20, 2003, Jennings was sentenced in the Superior Court, Camden County, New Jersey, to a five-year state term of confinement, without the possibility of release on parole.  The state court ordered the term to operate concurrently with the previously imposed federal sentence, and that Jennings be given credit for the time spent in state presentence custody from September 4, 2002, to June 19, 2003.  Jennings appealed his federal conviction, and on May 19, 2005, the Third Circuit remanded the matter to the district court.  On August 18, 2005, the District of New Jersey held a resentencing hearing and re-imposed the 120-month sentence, without specifying whether the sentence was to be served concurrently or consecutively to his now previously imposed state sentence.  Upon the expiration of his five-year state sentence on September 4, 2007, the state relinquished custody of Jennings to federal authorities.

      The BOP prepared a sentence computation for Jennings, based on a 120-month term of imprisonment beginning September 4, 2007 (the date received in exclusive federal custody), with prior custody (jail) credit from June 16, 2002, to July 22, 2002.  Thereafter, BOP prepared an updated sentence computation for Petitioner, based on a 120-month term of imprisonment beginning September 4, 2007 (the date received in exclusive federal custody), with jail credit from June 16, 2002, to July 22, 2002, and for September 3, 2002.  Based on this calculation, Jennings is currently scheduled for release from Bureau of Prisons custody, via Good Conduct Time Release, on April 13, 2016.

      After New Jersey relinquished custody of Jennings to the BOP, he requested that the BOP *nunc pro tunc* designate his state prison as a place of federal confinement.  The BOP denied that designation.

## II.  ISSUES PRESENTED/DEFENSES

      In his petition Jennings challenges denial of his request that the BOP designate the state prison as a place of confinement *nunc pro tunc*.  Respondent has not pled any affirmative defenses.

### III.  STANDARD OF REVIEW

Review of the action of the BOP on a request to designate a state prison as a place of federal confinement is limited to abuse of discretion.[2]  "The decision whether to designate a facility as a place of federal detention is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy."[3]

### IV.  DISCUSSION

The Administrative Remedy Section, Federal Bureau of Prisons,[4] in denying Jennings' administrative appeal held:

> This is in response to your Central Office Administrative Remedy Appeal, in which you claim you request a *nunc pro tunc* (retroactive) designation to the State of New Jersey for concurrent service of the federal sentence.
>
> We have reviewed your request pursuant to Barden v. Keohane, 921 F. 2d 476 (3rd Cir. 1990) and according to the factors set forth in Title 18 U.S.C. §3621(b).  In your case, we have determined the relevant factors under the statute are (2), (3), and (4).  With respect to factor (2), the nature and circumstances of the offense; you were arrested by officers of the Camden City, New Jersey, Police Department on June 16, 2002, and charged with Unlawful Possession of a Handgun and Possession of a Controlled Dangerous Substance.  The gun charge was subsequently adopted by the U.S. Attorney's office and resulted in the instant federal offense. The other charge was dismissed.
>
> With respect to factor (3), the history and characteristics of the offender; the record reflects convictions for Possession of Cocaine; Possession of CDS with Intent to Distribute; Simple Assault; Distribution of CDS Within 1,000 Feet from a School, and Possession of a Defaced Weapon.  In addition, on March 13, 2008, you were found to have committed the prohibited act of Being Absent from an Assignment, and sanctioned with 15 days commissary restriction, suspended pending 6 months clear conduct.
>
> With respect to factor (4), any statement by the Court which imposed the sentence; the sentencing Court was contacted and requested to provide input

---

[2] *McCarthy v. Doe*, 146 F.3d 118, 123 n.4 (2d Cir. 1998).

[3] *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005); *see also Barden v. Keohane*, 921 F. 2d 476, 478 (3d Cir. 1990) (same) (the District of New Jersey is part of the Third Circuit).

[4] This appeal level exhausted Jennings' administrative remedies.

regarding your request. The Court responded, indicating they did not believe a retroactive (concurrent) designation was justified in your case.

Based on the above, we have determined that a retroactive designation in your case would not be consistent with the goals of the criminal justice system or the intent of the sentencing Court.

Your sentence has been computed in accordance with applicable statute and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984). Your appeal is denied.

Under both Second and Third Circuit precedent, the BOP has the authority under 18 U.S.C. § 3621 to designate Jennings' state prison as a place of federal confinement *nunc pro tunc*, with the result that Jennings would serve his sentences concurrently.[5]

Jennings argues that the imposition of the sentence was fatally flawed because it did not indicate on its face whether the his federal sentence should be served concurrently or consecutively to his state sentence. This argument, as it attacks the legality of his sentence, not its execution, is not properly before this Court on his § 2241 petition; it must be presented to the sentencing court under 28 U.S.C. § 2255.[6]

18 U.S.C. § 3584(a) provides in relevant part: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The Second Circuit has held that the § 3584(a) presumption is not applicable in cases in which the federal sentence is imposed before the state sentence.[7] This case presents a somewhat different factual situation than those cases in which the statutory presumption was held not to apply. In this case, Jennings was sentenced twice in the District of New Jersey. While the first sentence was imposed prior to the time the state court imposed its sentence, the resentencing on remand occurred after the state court sentence was imposed. Thus, at the time of

---

[5] *See McCarthy,* 146 F.3d at 122-23; *see also Barden*, 921 F.2d at 478 (same).

[6] *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001).

[7] *Abdul-Malik*, 403 F.3d at 75 (the Court notes that, due to an apparent typographical error, *Abdul-Malik* refers in that part of the opinion to § 3583(a), not 3584(a)); *see also United States v. Donoso*, 521 F.3d 144, 149 (2d Cir. 2008) (holding that § 3584(a) does not authorize directing that a federal sentence be served consecutively to a not-yet-imposed state sentence). It does not appear that the Third Circuit has addressed this issue.

resentencing, Jennings had been sentenced in the state court and was serving his state-court imposed sentence. The record before this Court does not indicate whether the fact that Jennings was then serving a state sentence was brought to the attention of, or considered by, the sentencing court. In any event, in reimposing the 120-month sentence, the court did not order that the terms be served concurrently. Accordingly, in calculating Jennings' sentence *as reimposed*, the BOP correctly applied the § 3584(a) presumption that the terms were to be served consecutively.

Jennings further argues that BOP erred in not giving proper consideration to the judgment of the state court that the sentences be served concurrently. The short answer to that contention is that such a determination is not binding on federal authorities.[8]

Jennings also contends that the BOP should have not afforded any consideration whatsoever to the federal sentencing court. The BOP's choice to exercise its discretion, in part by relying on the intent of the sentencing court, is consistent with § 3584(a).[9]

Jennings also argues that the U.S. Marshal improperly returned him to state custody following imposition of the federal sentence. The Court disagrees. "[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner . . . ."[10] New Jersey did not relinquish jurisdiction of Jennings until he had completed his state court imposed sentence. Thus, the BOP correctly determined the date that Jennings started serving his term as the date he was released by the State of New Jersey to federal custody.

Finally, the Court notes that Congress made clear in 18 U.S.C. § 3585(b) that a federal defendant should not receive double credit for detention time by limiting credit for the time served prior to the date a sentence commences to time that has not been credited against another

---

[8] *Abdul-Malik*, 403 F.3d at 75; *Barden*, 921 F.2d at 478 n.4.

[9] *See Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) (citing *McCarthy* and *Barden* for the basic proposition that the BOP has broad discretion in these matters). Neither the Second nor the Third Circuit has addressed this issue.

[10] *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *see also* Interstate Agreement on Detainers, 18 U.S.C. App. 2, § 2, Art. V(d) (limiting temporary custody in the receiving state to the prosecution on the charges), Art. V(e) (requiring return to the sending state "at the earliest practicable time consonant with the purposes of this agreement").

sentence.[11]  To grant the relief that Jennings seeks would be contrary to that clearly expressed legislative mandate.

## V.  CONCLUSION AND ORDER

The Bureau of Prisons did not abuse its discretion in denying Jennings' request to designate the state prison as a place of federal confinement *nunc pro tunc*.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** no Certificate of Appealability is required.[12]

The Clerk of the Court to enter final judgment accordingly.

Dated:  March 27, 2009.

                                                        /s/ James K. Singleton, Jr.
                                                      JAMES K. SINGLETON, JR.
                                                     United States District Judge

---

[11] *See United States v. Wilson*, 503 U.S. 329, 337 (1992).

[12] *See Drax v. Reno*, 338 F.3d 98, 106 n.12 (2d Cir. 2003).